IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-3023 |
| | ) | |
| MACON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Jamal Shehadeh, who is in the custody of the Bureau of Prisons, filed a complaint in the Circuit Court for the 4th Judicial Circuit, Christian County, Illinois, Case Number 2018-MR-175. He asserts claims pursuant to 42 U.S.C. § 1983. The Defendants removed the case to this Court.

The Defendants request that the Court screen the Plaintiff's complaint for merit. Because the Plaintiff was in BOP's custody when he filed his complaint, this action is subject to the Prison Litigation Reform Act's (PLRA) mandatory screening requirement whether or not it was filed originally in federal court. See U.S.C. § 1915A(a).

Section 1915A requires the Court to identify cognizable claims stated by the complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

Following a guilty plea to the manufacture of methamphetamine, the Plaintiff was sentenced to 54 months in the custody of the Bureau of Prisons, followed by a 6-year term of supervised release. The Petitioner is incarcerated at McKean FCI in Lewis Run, Pennsylvania, and is scheduled to be released on September 1, 2020.

The Defendants named by the Plaintiff are Macon County, former Macon County Sheriff Thomas Schneider and Sergeant Matthew Reynolds; in addition to Sangamon County, former Sangamon County Sheriff Wes Barr and Brett Jackson of the United States Marshals Service (USMS).

In his complaint, the Plaintiff alleges that on July 14, 2016, Sangamon County officials requested that the United States Marshals Service transfer the

Plaintiff out of Sangamon County Jail. The Plaintiff alleges that USMS requested that Macon County, Schneider and Reynolds take custody of the Plaintiff. On July 14, 2016, the Plaintiff was transferred to the Macon County Jail.

The Plaintiff alleges the transfer occurred in response to and in retaliation for the Plaintiff's exercise of his right to petition the government for redress of grievances.

In a previous Complaint pursuant to 42 U.S.C. § 1983, the Plaintiff alleged that multiple county jails and the United States Marshals Service retaliated by transferring him to another facility for exercising protected First Amendment conduct, such as filing grievances and pursuing litigation. *See Shehadeh v. Downey*, et al., Case No. 18-3165-cv-RM-TSH, See Doc. No. 1-1. The Plaintiff alleged there many of the same Defendants (and others not named in this suit) violated his constitutional rights and rights under Illinois law. That complaint includes allegations related to the July 14 2016 transfer. In a Merit Review Opinion of October 22, 2018, the Court dismissed Case Number 18-3165 for failure to state a claim, finding that Plaintiff's claims there were part of the same operative facts as previous lawsuits and were thus barred by *res judicata*.

The Court concludes that each of the Plaintiff's claims are barred by *res judicata*. *Res judicata*, or claim preclusion, prohibits a party from relitigating

matters that were fully litigated, or could have been fully litigated, in a previously adjudicated cause of action. *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1029 (7th Cir. 2011). In Illinois, *res judicata* applies when: (1) there is a final judgment in the first suit; (2) there is identity of the causes of action based on the operative facts; and (3) there is an identity of parties or parties that are in privity with one another. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011).

This lawsuit is essentially the same as Case Number 18-3165, which was the same as two previous lawsuits, including *Shehadeh v. Downey, et al.*, Kankakee Co. Case. No. 16 L 107 (Feb. 28, 2017); *Shehadeh v. Hervas, Condon, and Bersani, P.C., et al.,* Kankakee Co. Case No. 17 L 20 (July 28, 2017), which have been dismissed. The Plaintiff could have and did assert the same claims in at least three previous lawsuits.

The Court finds that all of those claims were part of the same operative facts and are barred by *res judicata*. Accordingly, the case will be dismissed for failure to state a claim upon which relief may be granted.

Because the Plaintiff has previously filed the same action against these Defendants, this case is counted as a strike pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(g). The Plaintiff is precluded from filing further civil litigation in federal court without prepaying all required fees or meeting the

imminent danger standard of § 1915(g).  *See Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002).

Ergo, this case is Dismissed pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk will terminate any pending motions.

To the extent that any state court proceedings are pending in Christian County in connection with *Shehadeh v. Macon County*, Case No. 2018-MR-175, those proceedings shall be terminated.

Pursuant to 28 U.S.C. § 1915(g), because this is his third strike, the Plaintiff is precluded from filing further civil litigation in federal court without prepaying all required fees or meeting the imminent-danger standard.

The Clerk will enter judgment and terminate this case.

ENTER: September 30, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge